1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**RICARDO REYES,**

               Petitioner,

        **v.**

**SCOTT FRAUENHEIM, Warden,**

               Respondent.

Case No. 1:15-cv-00013-DAD-MJS

**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent, Scott Frauenheim, Warden of Pleasant Valley State Prison, Corcoran, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Maria Chan of the Office of the California Attorney General.

I.    **Procedural Background**

      Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his September 26, 2007 conviction for robbery. (<u>See</u> Pet. at

1

8, ECF No. 1.) Petitioner is currently serving his resulting sentence of fifteen (15) years in prison. (Id.)

On April 8, 2013, inmate Hernandez reported to correctional officers that he was in a fight with Petitioner. (Answer, Ex. 1, ECF NO. 12-1 at 35-40.) In addition to Hernandez's statements that he fought with Petitioner, Hernandez had a cut to his lip, and Petitioner had a cut to the knuckles of his right hand. (Id.) Each cut required four sutures. (Id.) At the disciplinary proceeding on May 10, 2013, Petitioner was found guilty of committing battery on an inmate with serious bodily injury, and assessed a 360 day forfeiture of good conduct time. (Id. at 39.) Petitioner alleges that the disciplinary decision was based on insufficient evidence as no correctional officers witnessed the fight and his due process rights under the 6th and 14th amendments were violated by the improper administration of his disciplinary proceeding. (Pet. at 1-7.)

Petitioner filed a habeas petition in the Kern County Superior Court. The petition was denied in a reasoned decision on June 8, 2014. (Answer, Ex. B, ECF No. 12-1 at 54-57.)

On July 2, 2014, Petitioner filed a habeas petition in the California Court of Appeal for the Fifth District. The appellate court denied the petition in a summary decision on July 18, 2014. (Answer, Exs. C-D.)

Petitioner filed a habeas petition to the California Supreme Court September 19, 2014. The petition was summarily denied on November 25, 2014. (Answer, Ex. E, Pet., ECF No. 1 at 58.)

Petitioner filed the instant federal habeas petition on January 5, 2015. Respondent filed an answer to the petition on March 9, 2015. (Answer, ECF No. 12.) Petitioner did not file a traverse within thirty days of the service of the answer. Accordingly, the matter stands ready for adjudication.

///

///

2

1

**II.     Factual Background**[1]

2

3          On April 8, 2013, Correctional Officer Robinson observed inmate Hernandez had a

4   cut lip. When asked, Hernandez told Robinson that he fought with Petitioner, and that

5   Petitioner punched him after a verbal argument. Both Hernandez and Petitioner were

6   provided medical assistance. Hernandez received sutures for an injury to his lip, and

   Petitioner received sutures to a cut to his knuckles.

7          Petitioner was charged with violating Cal. Code Reg. § 3005(d)(1): "battery on an

8   inmate with serious bodily injury" and provided a rules violation report on April 22, 2103.

9   (Pet. at 36-40.)

10          Petitioner appeared at the disciplinary hearing on May 10, 2013, and pled guilty to

11  the offense. (Pet. at 36-40.) Petitioner stated that "He busted his lip open in self-defense,"

12  and that "[he] only swung once." (Id.) The hearing officer, Lieutenant M. J. Hetzel

13  accepted the guilty plea, and assessed sanction of 360 days of credit forfeiture. (Id.)

14  **III.    Discussion**

15      **A.     Jurisdiction**

16          Relief by way of a writ of habeas corpus extends to a prisoner under a judgment

17  of a state court if the custody violates the Constitution, laws, or treaties of the United

18  States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

19  375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his right to due process

20  as guaranteed by the U.S. Constitution. The disciplinary proceeding occurred in and

21  Petitioner remains housed in correctional facilities in the Eastern District of California. 28

22  U.S.C. § 2241(d); 2254(a). The Court concludes that it has jurisdiction over the action.

23      **B.     Legal Standard of Review**

24          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

25  Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus

26

---

[1] The Kern County Superior Court's summary of the facts in its June 18, 2014 opinion is presumed correct.
27  28 U.S.C. § 2254(e)(1).

28                                                3

filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Under AEDPA, a petition for a writ of habeas corpus by a prisoner in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1.   Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06). "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted). The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009). For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71

4

(2003).

A state court decision will involve an "unreasonable application of "federal law only if it is "objectively unreasonable." Id. at 75-76 (quoting Williams, 529 U.S. at 409-10); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing Williams, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786 (citing Yarborough v. Alvarado, 541 U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." Id.; Renico v. Lett, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting Richter, 131 S. Ct. at 786).

### 2.    Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption. Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been

5

'adjudicated on the merits.").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id. To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3.   Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness). Some constitutional

6

errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the Brecht standard. Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002); Musalin v. Lamarque, 555 F.3d at 834.

**IV.    Review of Petition**

Petitioner raises two due process violations with regard to his disciplinary proceeding and the following state court decisions. First, Petitioner asserts that there was insufficient evidence of the violation because no correctional officers observed the fight. (Pet. at 5-6.) Petitioner also asserts that correctional staff did not properly and adequately investigate the incident. (Id.)

**A.    State Court Decision**

Petitioner presented his claims by way of petitions for writ of habeas corpus to the California Courts. Petitioner is not entitled to relief because the state court's legal and factual determinations in denying Petitioner's claims were not objectively unreasonable or contrary to Supreme Court law. The claim was denied in a reasoned decision by the Kern County Superior Court and summarily denied in subsequent petitions by the California Court of Appeal and the California Supreme Court. (Answer, Ex. B, ECF No. 12-1 at 54-57, Exs. D, Pet. at 58.)

Because the Supreme Court opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts

look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1)).

The Superior Court described why Petitioner's due process rights were not denied in a reasoned decision, stating:

> Petitioner is serving a fifteen years sentence for burglary and robbery from San Diego County, which is not the subject of the petition. He protests the guilty finding for battery on an inmate causing serious bodily injury prohibited by 15 Cal. Code Regs. Section 3005(d)(1) while an inmate at California Correctional Institute in Tehachapi, California.

> Petitioner contends that the violation should be reduced to fighting or mutual combat. The discipline constitutes cruel and unusual punishment since the discipline is so disproportionate to the offense. He cites an adjacent inmate who received a less severe penalty under identical facts.

> Petitioner alleges that he struck inmate Hernandez in self-defense, and the hearing officer failed to permit him to state his case. He alleges that he plead not guilty instead of guilty as the decision states. The court finds no merit in petitioner's arguments, and finds the imposition of discipline is supported by some evidence which is the prevailing evidentiary standard in prison disciplinary hearings.

> The court denies the petition for writ of habeas corpus.

> On April 8, 2013, Officer Robinson observed Inmate Hernandez with a cut lip. When he inquired, Hernandez stated that he and petitioner got into a fight. Hernandez stated that petitioner threw the first punch after a verbal argument.

> Petitioner states that he did not want to speak with Hernandez and directed him to return to his building. Things became more heated, and Hernandez called petitioner a punk and punched petitioner in the back of the head. Petitioner instantly reacted and punched Hernandez in the lip, receiving a cut hand for his troubles.

> Medical staff sutured petitioner's hand and Hernandez's lip. Both wounds required four stiches. The Hearing Officer found that the petitioner cut his hand due to a self-inflicted wound to Hernandez's lip when striking him.

> So long as there is some evidence to support the imposition of discipline, the court will not disturb it. In re Powell (1988) 45 Cal.3d 894, 902, 904, In re Dikes, (2004) 125 Cal.App.4th 825, 829-30, Superintendent v. Hill (1985) 472 U.S. 445, 454-455. The rules violation report, the crime incident reports, the investigative employee's report and the medical reports point to petitioner's culpability, even if the Court were to accept

petitioner plead not guilty. The documentation shows that that petitioner plead guilty and admitted to punching Hernandez in the lip in self-defense.

Inmates have the right to call friendly and adverse witnesses at a disciplinary proceeding. <u>Wolff v. McDonald</u> (1974) 518 U.S. 539, 566. Petitioner waived the presence of Hernandez at the hearing. Nevertheless, the hearing officer reviewed the written questions proposed to Hernandez contained in the investigative employee's report.

Many questions presented to Hernandez in writing were deemed not relevant. For example, it is irrelevant that petitioner apologized to Hernandez and wanted to continue to be best friends forever. The hearing officer can exclude duplicative or irrelevant testimony. 15 Cal. Code Regs. § 3315(e)(1)(B). Hernandez's versions of events was contained in the rules violation report, the crime incident reports and the investigative employee's report.

There is no evidence that petitioner received any injuries to the back of his head, and the injury to his hand resulted from throwing the punch that struck Hernandez in the lip. As the second level's decision pointed out, petitioner could have retreated or held Hernandez until other staff arrived. He exercised neither option. This negates his claim of self-defense.

There is a rational basis for the relaxed evidentiary standard for prison disciplinary hearings given the at times tumultuous environment of prisons and the need to effectuate discipline expeditiously. <u>Dikes</u> at 830, 833. The loss of 360 days credits for battery with infliction of serious bodily harm is authorized under 15 Cal. Code Regs., § 3323(b)(3). The Secretary of the Department of Corrections and Rehabilitation is vested with the statutory and regulatory power to discipline and classify inmates. In re Cabrera (2012) 55 Cal.4th 683, 688, 690, In re Jenkins (2010) 50 Cal.4th 1167, 1173. The Hearing Officer did not find credible petitioner's claim of self-defense and as an explanation accompanying his guilty plea. Thus, the hearing officer complied with the regulations, and there are no credible claims of violation of due process.

Prison disciplinary hearings are handled on a case-by-case basis, and all that is required is the hearing officer apply the regulations and make evidentiary findings based on the facts and their application to the regulations. There are no eighth amendment implications or violations of the equal protection clause of the fifth and fourteenth amendments to the U.S. Constitution or Art. I. § 17 of the California Constitution.

On the basis of the foregoing, the petition for writ of habeas corpus is accordingly denied because petitioner fails to satisfy his burden to show a primia facie case for habeas corpus relief. Some evidence supports the imposition of discipline, which is the prevailing evidentiary standard. <u>People v. Romero</u> (1994) 8 Cal.4th 728, 737, <u>In re Zepeda</u> (2006) 141 Cal.App. 4th 1493m 1498, 1500.

(Answer, Ex. A, ECF No. 12-1 at 54-57.)

9

1

2

### B.    Procedural Due Process

The law concerning a prisoner's Fourteenth Amendment liberty interest in good conduct time is set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good conduct time, an inmate has a liberty interest in good conduct time when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. <u>Id.</u> at 557. Inmates involved in a disciplinary action are entitled to procedural protections under the Due Process Clause, but not to the full array of rights afforded to criminal defendants. <u>Wolff</u>, 418 U.S. at 556 (1974).Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good conduct time, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567. In the facts and circumstances presented here, it appears that Petitioner received all the process that was due. Petitioner does not dispute that he received prior notice of the charges, the reasons for the charge, and an explanation of the decision.

Additionally, federal law allows witnesses to be appropriately excluded where their testimony would have been cumulative or irrelevant to the disciplinary proceedings. <u>Wolff</u>, 418 U.S. at 566; Cal. Code Regs, tit. 15, §3315(e)(1). Petitioner was given the opportunity to call witnesses. However he chose not to and instead plead guilty to the offense. Further, Petitioner contends that correctional officers did not perform a complete investigation. Petitioner was provided all the due process rights provided under <u>Hill</u> and <u>Wolff</u>. To the extent that Petitioner contends that the investigation into his offense was

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

incomplete, there is no federal authority to support such a claim.

The state courts did not unreasonably apply <u>Wolff</u> in reviewing the procedural safeguards of the disciplinary proceedings and denying Petitioner's claim.

### C.    Substantive Due Process

Petitioner asserts that there was insufficient evidence as the correctional officers did not observe the fight taking place. (<u>See</u> Pet.) As discussed above, Federal habeas corpus relief is available only when the state court's decision results in a decision that "contrary to" federal law or was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d); <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005) (citing <u>Williams</u>, 529 U.S. at 405-06). The evidentiary standard for review of a state prison disciplinary decision's adherence to due process merely requires "some evidence from which the finding of the administrative tribunal could be deduced." <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985).

A court must refrain from making its own assessment of the credibility of witnesses or second guessing the fact finding determinations and decisions of the disciplinary board. <u>Id.</u> at 455. Thus, the "some evidence" standard under <u>Hill</u> is "minimally stringent," and the courts may not "set aside decisions of prison administrators that have some basis in fact." <u>Id.</u> at 455-56. Further, the existing evidence need not "logically preclude" any conclusion other than the one reached by the hearing officer. <u>Id.</u> at 457.

An issue of fact is limited to "basic primary, or historical facts: facts in the sense of a recital of external events and credibility of their narrators." <u>Thompson v. Keohane</u>, 516 U.S. 99, 109-10 (1995) (interpreting 28 U.S.C. § 2254(d)). The state courts' adjudication of petition did not turn on disputed factual findings; instead, the state court applied a federal standard of review to undisputed facts in the record. (Answer, Ex. A at 54-57;

Hill, 472 U.S. at 455-456 (application of the some-evidence standard to a prison disciplinary decision does not involve re-weighing the evidence).)

Petitioner contends that there was insufficient evidence of the assault, but does not present any argument that would have negated the evidence of the assault presented at the hearing. Though the evidence was not overwhelming, there was evidence based on the location and type of injuries to Petitioner and Hernandez, and the testimony of Hernandez.

An alternative account of the incident need not be accepted as true or accurate by the hearing officer, and does not undermine a finding that "some evidence" exists that the battery had occurred. The some evidence standard is a low threshold, and will be met even when evidence to the contrary is presented. As the evidence presented at the hearing and relied upon by the hearing officer constitutes some evidence that Petitioner committed battery, the disciplinary decision satisfies the some evidence standard. Accordingly, the state courts did not unreasonably apply Hill in reviewing the prison's disciplinary proceedings and denying Petitioner's claim. Moreover, in light of this Court's deferential review under AEDPA, the Court rejects the invitation to reweigh, reassess, and rebalance the evidence.

The state court decision properly applied clearly established Supreme Court law and the state court's factual determinations were not objectively unreasonable. Further, the disciplinary decision was found to be supported by some evidence. The Court finds no constitutional violation with regard to the finding of the disciplinary proceeding or the state court interpretation of such proceeding at issue in this case. The Court recommends that the petition for writ of habeas corpus be denied.

**V.   Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   December 20, 2016          /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE